# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD O'CONNOR, an individual, ) | |
| KRISTI O'CONNOR, an individual; ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-12-1054-HE |
| ) | |
| THE CITY OF OKLAHOMA CITY, a ) | |
| municipal corporation; ) | |
| DONALD M. GRICE, an individual; ) | |
| CLAYLAN A. CLINE, an individual; ) | |
| JACOB A. COLE, an individual; ) | |
| MICHAEL S. HARMAN, an individual; ) | |
| KREG D. KETLER, (sic) an individual; ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

**PURSUANT TO APPLICATION AND FOR GOOD CAUSE** this Court enters the following Protective Order governing confidential and private material produced or to be produced in this case.

1. The following materials produced or to be produced during the course of this litigation are deemed private and confidential and subject to this Order:

    a. Unredacted Use of Force Report and Completed Screening Committee Forms regarding OCPD case #12-35.

    b. Any formal complaint alleging the use of excessive force and/or false arrest and the investigation into same filed with the Oklahoma City Police Department for the three (3) years prior to Plaintiffs' arrest.

c. Redacted copies of the personnel files of Defendants Grice, Cole, and Cline.

d. Letter from Captain Vance Allen dated February 13, 2013 summarizing the number of formal complaints filed against the Defendant Officers.

e. Social security numbers and date of birth of any parties, witnesses and potential witnesses, and employees or former employees of Defendant City.

f. The names of minor children or incompetent persons. Such persons shall be identified by initials. The parties shall disclose the last known full names, addresses, telephone numbers, dates of birth and social security numbers, and legal custodian or guardian, of minor children or incompetent persons who are represented by initials.

g. All unlisted home addresses, unlisted home or cell phone numbers of parties, potential witnesses and witnesses disclosed or to be disclosed by the parties, and employees or former employees for Defendant City.

h. Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g.

i. Personnel records of any employee or former employee of Defendant City. The confidential materials described above shall remain confidential and, absent permission by the Court, are to be used only for purpose of preparation and presentation of this case for trial, settlement matters, during pre-judgment and post-judgment appeals, and post-judgment collection.

2. Subject to special limitations on tax returns, education records, medical, psychological or counseling records, and trade secrets, such private and confidential materials may be disclosed to:

   a. The parties;

   b. The attorneys for the parties and the attorneys' staff;

   c. Court staff and staff of the Court Clerk;

   d. Any witnesses during the course of depositions or preparations for trial;

   e. Any court reporter or videographer;

   f. Any person who is or reasonably may be expected to be a witness in this action; and

   g. Any person who reasonably would need to see such materials in order to give testimony or information related to the case, to form opinions, or to serve as a consultant with regard to issues in the action.

3. In the case of tax returns, education transcripts, medical, psychological or counseling records, and trade secrets, the records or the contents thereof may be disclosed only to the following persons without leave of Court:

   a. The Court and its staff;

   b. Court reporters;

   c. The parties;

   d. Attorneys for the parties;

   e. Expert witnesses or consultants who are qualified to evaluate such records;

  f.  Insurance company representatives;

  g.  The person who is the subject of the records or the guardian of such person.

4. Prior to disclosure of documents or information designated as "confidential" pursuant to this Order to the parties, potential witnesses, witnesses or persons retained to serve as consulting experts for Plaintiffs or Defendants or to any person identified above, counsel shall show such person(s) a copy of this Order and Exhibit "A" and secure the person's execution of Exhibit "A" reflecting their agreement to be bound by the terms of this Order and revisions of this Order.

5. The party seeking discovery shall have the right to challenge any designation of confidentiality by first negotiating in good faith with the party designating the material as confidential and, if that fails to resolve the dispute, then by seeking an order of the Court with respect to any documents or information designated as "confidential." The party seeking discovery will treat all documents or information designated as "confidential" in accordance with the requirements of this Order during the pendency of such motion. The parties agree that before seeking any relief from the Court under this paragraph they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

6. This Order shall not preclude counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or

analysis by their expert witness(es) to their clients for purposes of settlement discussion or case preparation.

7. Counsel for the parties or witnesses shall maintain and preserve all signed written agreements by persons to be bound by this Protective Order.

8. Confidential information subject to this Order that is included in documents filed electronically shall be redacted. Unredacted copies shall be filed under seal. Pursuant to the Court's Electronic Filing Policies and Procedures Manual ("ECF Manual"), Part IIH(2)(a), a party seeking to file an unredacted document must first obtain leave of Court. If leave of Court is granted, such documents shall be in a sealed envelope plainly marked **"CONFIDENTIAL RECORDS – TO BE OPENED ONLY BY THE COURT OR COURT STAFF."** The parties will comply with all requirements and provisions of the ECF Manual governing the presentation and filing of redacted or partially redacted documents.

9. Information that is confidential shall be marked as **"CONFIDENTIAL."**

10. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

11. This Order shall remain in force throughout the pendency of this case, and any related appeals, unless and until it is modified by this Court.

12. Information filed of record or presented in open court shall cease to be confidential when so filed or presented subject to the right of either party to move

separately for the subsequent sealing of such information or for its withdrawal from the public record.

13. The entry of this Protective Order does not constitute a determination that any material designated as confidential is relevant, admissible and/or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality regarding materials subject to this Order.

14. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

15. At the conclusion of the litigation, which includes completion of all appeals or the expiration of time for appeals, all witnesses and parties in possession of confidential documents shall return such documents to the attorney(s) from who they received confidential document(s) within thirty (30) days.

16. Counsel shall destroy, or return to the producing party at the producing party's option, any and all copies of any confidential information obtained during this litigation within thirty (30) days of the final resolution of this action.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"
## CONFIDENTIALITY AGREEMENT AND ORDER

      The undersigned hereby acknowledges that (he)(she) has read the forgoing PROTECTIVE ORDER which mandates confidentiality and the filing under seal of certain documents and information as evidence in the case of *O'Connor v. City of Oklahoma City, et al.,* Case No. Civ-12-1054-HE, in the United States District Court for the Western District of Oklahoma and understands the terms thereof, and agrees upon threat of penalty of contempt, to be bound by such terms.

_____    _____
Date                                                Signature

                                              _____
                                              Print Full Legal Name

                                              _____
                                              Status to Entity or Person

                                              Residence/Physical Address:

                                              _____
                                              _____
                                              _____

                                              Telephone Numbers:

                                              _____
                                              _____

_____
Relationship, if any, to the Plaintiff, his Estate or Heirs at Law or to Any Defendant(s)

**PRIOR TO RECEIVING Confidential Information and Documents the Executed ORIGINAL OF EXHIBIT "A" MUST BE COMPLETED IN FULL AND DELIVERED TO THE ATTORNEY WHO IS TO PROVIDE CONFIDENTIAL DOCUMENTS TO YOU:**

**Attorneys for the Plaintiffs Kristi O'Connor and Richard O'Connor:**
George H. Brown, OBA #18020
Tony Gould, OBA #18564
Joshua C. Stockton, OBA #21833
Charles T. Battle, OBA #22486
136 NW 10th Street, Suite 200
Oklahoma City, OK 73103


**Attorneys for the Defendant City of Oklahoma City:**
Richard C. Smith, Assistant Municipal Counselor, OBA #8397
Jennifer M. Warren, Assistant Municipal Counselor, OBA #30284
Municipal Counselor's Office
200 North Walker, Suite 400, Oklahoma City, OK 73102
Telephone: 405-297-2451, Fax: 405-297-3851


**Attorneys for the Defendant Oklahoma City Police Officers in their individual capacity:**
Susan Ann Knight, OBA #14594
Stacey Haws Felkner
Manchester & Knight, P.L.L.C. One Leadership Square, 211 North Robinson,
Suite 800 N, Oklahoma City, OK 73102
Telephone: 405-235-4671, Fax: 405-235-5247